1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY TAYLOR,                        No.  2:18-cv-0065 KJN P

12                    Petitioner,

13         v.                               ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   RONALD RACKLEY,

15                    Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner submitted a declaration that makes the showing required

20   by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).

22         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26   highest state court with a full and fair opportunity to consider all claims before presenting them to

27   _____

28   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

                                            1

the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, it appears that petitioner has failed to exhaust state court remedies.  Petitioner indicates that he has a habeas corpus petition or appeal pending in the California Supreme Court raising the claims raised in the instant petition.  If the California Supreme Court has not ruled on the claims raised in the instant petition, then petitioner's claims are not exhausted.  Accordingly, this action should be dismissed on grounds that petitioner failed to exhaust state court remedies.[2]

Petitioner has also filed a motion for the appointment of counsel.  Because the claims are not exhausted, the motion for appointment of counsel is denied.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis;

2.  Petitioner's motion for appointment of counsel (ECF No. 2) is denied;

3.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

4.  The Clerk of Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

_____

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 24, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay65.ord