UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TAYLOR, | No. 2:18-cv-0065 KJN P |
| Petitioner, | |
| v. | ORDER |
| ROBERT NEUSCHMID,[1] | |
| Respondent. | |

I. Introduction

  Petitioner is a state prisoner, proceeding without counsel. He filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Both parties have consented to proceed before the undersigned for all purposes.[2] See 28 U.S.C. § 636(c). Petitioner challenges a 2017 judgment of conviction entered against him pursuant to his plea of no contest in the San Joaquin County Superior Court. Petitioner claims that his trial counsel rendered ineffective assistance by waiving petitioner's right to a speedy trial without good cause. After careful review of the record, the petition is denied.

---

[1] Robert Neuschmid, acting warden of California State Prison, Solano, where petitioner is currently housed, is substituted as respondent. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

[2] Petitioner consented on January 26, 2018, and respondent consented on March 9, 2018. The Clerk of the Court is directed to remove the district judge from the case docket.

1

II. Facts and Procedural History

On November 15, 2016, the San Joaquin County District Attorney filed a felony complaint charging petitioner with corporal injury to a cohabitant (California Penal Code section 273.5(A)),[3] criminal threats (section 422(a)), dissuading a witness by force or threat (section 136.1(C)(1)), and two counts of contempt of court (section 166(C)(4)), based on petitioner's alleged violation of a protective order or stay away court order. People v. Taylor, No. SP16-42631 (Superior Ct. San Joaquin Co. Cal.) (Respondent's Lodged Document ("LD") 7). The felony complaint also alleged that petitioner suffered a prior serious or violent felony conviction under California's Three Strikes Law, and included an allegation petitioner served a prior prison term for violation of section 422(a). (LD 7.)

Petitioner was arraigned on November 23, 2016. (LD 1.) In his state court petition, petitioner claimed that on January 17, 2017, defense counsel "elected to stop [his] speedy trial to send [him] to incompetency court," six days before the speedy trial deadline would have expired. (LD 1 at 3.) Petitioner claims he was found competent on March 26, 2017. (Id.)

On May 17, 2017, following jury selection, the trial judge was ready to hear motions in limine when defense counsel advised the court that petitioner wanted to resolve the case. (Reporter's Transcript ("RT") at 2.) The court expressed its reluctance to allow petitioner to plea because petitioner had three prior opportunities to do so, the jury had been selected, and the victim was present to testify. (Id.) Petitioner "begged" the trial judge to allow petitioner to enter a plea rather than proceed to trial. (RT at 3.) Following further discussion, the court took a break to allow petitioner to confer with his attorney. (RT at 4.) After the break, the trial court asked defense counsel if she wanted to put the resolution on the record, which she did. (RT at 5.) The court then engaged in a plea colloquy with petitioner, who pled no contest to one count of corporal injury to a cohabitant, admitted using a weapon in the commission of the crime, and admitted he previously sustained a prior strike conviction. (LD 2; RT at 10-11.) Petitioner was sentenced to seven years in state prison pursuant to the negotiated plea agreement. (RT at 13.)

---

[3] Unless otherwise indicated, all further references to "section" are to the California Penal Code.

2

Petitioner did not file an appeal. On May 24, 2017, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. (LD 1.) On July 27, 2017, the superior court denied the petition in a reasoned decision. (LD 2.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, on September 5, 2017. (LD 3.) On September 15, 2017, the appellate court summarily denied the petition. (LD 4.)

On October 20, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on December 20, 2017, without comment. (LD 5-6.)

Petitioner filed the instant petition on November 11, 2018. (ECF No. 1.)

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct.

3

38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley v. Cullen, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

was "'erroneous.'""). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98). If a state court fails to

adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley v. Cullen, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

IV. State Court Decision

The last reasoned rejection of petitioner's claims is the decision of the Sacramento County Superior Court on the petition for writ of habeas corpus. The state court denied petitioner's claims, as follows:

6

Petitioner pled no contest in May of 2017 to one violation of section 273.5 of the Penal Code (domestic violence), with prior strike and weapon enhancements, for a total of seven years in prison. Petitioner now complains that he did not receive effective assistance of counsel, based on counsel's waiving of his right to a speedy trial in order to facilitate a review of Petitioner's competence to stand trial.

Any claim of ineffective assistance of counsel has two components: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." (*Williams v. Taylor* (2000) 529 U.S. 362, 390-391; *In re Jones* (1996) 13 Cal. 4th 552, 561.)

In this petition, neither component is met. First, Petitioner has presented no evidence showing that the attorney's performance fell below the objective standard of reasonableness. Second, Petitioner has presented no evidence that he would have received a better result but for his counsel's advice. The only evidence Petitioner has offered is his own self-serving statements, which are not sufficient evidence to substantiate Petitioner's claim. (*In re Alvernaz* (1992) 2 Cal. 4th 924, 938.)

Moreover, Petitioner pled no contest as part of a plea agreement, which has the same effect as a guilty plea. (Pen. Code § 1016; *People v. Volt* (2011) 200 Cal. App. 4th 1353, 1364.) "Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error . . . . The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*In re Couch* (1996) 48 Cal. App. 4th 1055, 1056-1057, internal quotation marks omitted, emphasis in original.) Petitioner may not now re-negotiate his plea agreement.

Based on the foregoing, the petition is DENIED.

In the Matter of the Petition of Gregory Jackson Taylor for Writ of Habeas Corpus, No. STK-CR-FMISC-2017-006876 (LD 2).

V. Governing Legal Principles

The Supreme Court has explained that:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that

> the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. 258, 267 (1973), citing McMann v. Richardson, 397 U.S. 759, 771 (1970).[5] In other words, parties "who voluntarily and intelligently plead[ ] guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985). The only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 56-57 (1985)).[6]

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

The Strickland standard also applies to challenges to counsel's performance during the plea bargain process. See Lafler v. Cooper, 566 U.S. 156, 162 (2012) ("During plea negotiations, defendants are 'entitled to the effective assistance of competent counsel.'") (quoting McMann,

---

[5] Tollett applies with equal force to a no contest plea. Cal. Penal Code § 1016 ("[A] plea of nolo contendere shall be considered the same as a plea of guilty. . . . The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."); see also Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992) (applying Tollett to no contest plea). Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims in the instant action. Miller v. McCarthy, 607 F.2d 854, 856 (1979).

[6] There are exceptions to this general bar. For example, a defendant who pleads guilty may raise in habeas corpus proceedings a double jeopardy claim and may challenge the court's jurisdiction. See Haring v. Prosise, 462 U.S. 306, 320 (1983), citing Blackledge v. Perry, 417 U.S. 21, 30 (1974), and Menna v. New York, 423 U.S. 61 (1975). No exception applies here.

397 U.S. at 771). Specifically, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer." See Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (citation omitted). To establish prejudice from ineffective assistance during the plea bargain process, petitioner must demonstrate that, but for counsel's errors, the outcome of the process would have been different. See Hill v. Lockhart, 474 U.S. at 59.

Under California state law, Penal Code section 1382, California's Speedy Trial Act is part of California's speedy trial scheme and generally provides that in a felony case a person must be brought to trial within 60 days of an arraignment or indictment or else the action shall be dismissed, with certain exceptions. See Cal. Penal Code § 1382(a)(2). Generally, "an order dismissing an action for violation of the speedy trial statute is a bar to further prosecution for the same offense if it is a misdemeanor, but not if it is a felony or a misdemeanor joined with a felony. . . . Therefore, a new felony action may ordinarily be instituted after the dismissal and within the period of the statute of limitations." See Dryg v. Mitchell, 2009 WL 1010520, at *8 (N.D. Cal. Apr. 13, 2009) (internal citation omitted) (addressing section 1381.5); People v. Lilliock, 71 Cal. Rptr. 434 (Cal. App. Dist. 2 1968) (dismissal of prior action on defense motion for failure to retry defendant on murder charge within 60 days of remittitur did not bar refiling of second action), overruled on other grounds by People v. Flood, 18 Cal. 4th 470 (Cal. 1996).

Criminal defendants have "the right to a speedy and public trial." U.S. Const., amend. VI; see also Doggett v. United States, 505 U.S. 647, 651 (1992). The determination of whether a defendant's right to a speedy trial was violated is a fact-based inquiry that requires balancing various factors of the case, including: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). The length of delay serves as a "triggering mechanism," and if there is not a delay which is presumptively prejudicial, then there is no reason to consider the other balancing factors. Id. In general, a delay of a year or more between accusation and trial is considered long enough to trigger the Barker inquiry. See Doggett, 505 U.S. at 652 n.1; Butler v. Vasquez, 2018 WL 2315959 (C.D. Cal. May 21, 2018) (delay of six months and a few days insufficient to trigger inquiry into remaining Barker factors).

VI. Petitioner's Claims

In his first two claims, petitioner argues that his trial counsel rendered ineffective assistance by waiving petitioner's right to a speedy trial. Respondent counters that petitioner's claims are barred by petitioner's subsequent no contest plea. As set forth below, the undersigned finds petitioner's claims are barred under Tollett.

   A. Ineffective Assistance of Counsel Claim

Petitioner's ineffective assistance of counsel claim is solely based on trial counsel's alleged failure to enforce petitioner's right to a speedy trial. (ECF No. 9.) But trial counsel waived petitioner's speedy trial rights in January, months before the entry of petitioner's plea of no contest to the charges against him. With certain exceptions not applicable here, the law is clear that petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to his plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. See also McMann, 397 U.S. at 770-71; Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds by Lockyer, 538 U.S. at 75-76); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d at 1029-30 (voluntary and intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea constitutional violations).) Because petitioner's ineffective assistance claim against defense counsel relates to conduct that took place months before petitioner entered his plea upon counsel's advice, such claim is barred under the rationale of Tollett.

To the extent that petitioner is claiming he received ineffective assistance of counsel premised on his attorney's allegedly faulty advice, he may do so only based upon that advice as it related to the decision to enter his no contest plea. Any ineffective assistance claims relating to

10

other, earlier actions by his counsel are barred by the holding in Tollett. See Moran v. Godinez, 57 F.3d at 700. See also Givens v. Sisto, 2010 WL 1875766, at *1 (N.D. Cal. May 7, 2010) ("the only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.").

In 2017, the Ninth Circuit held that the rationale of Tollett does not apply if counsel's incompetence "prevents petitioner from making an informed choice whether to plead." Mahrt v. Beard, 849 F.3d 1164, 1170 (9th Cir. 2017). But Mahrt is distinguishable because petitioner's ineffective assistance of counsel claim is focused on defense counsel's waiver of the Speedy Trial Act in January of 2017, well before the start of trial in May. Petitioner does not challenge the advice of trial counsel as it related to his decision to plead no contest, and does not include claims implicating the intelligent or voluntary nature of his plea. Moreover, the record reflects that petitioner's plea was voluntary.[7] Indeed, he insisted on pleading no contest to avoid the continuation of trial after jury selection.

For all of the above reasons, petitioner is not entitled to relief on his claim of ineffective assistance of trial counsel.

B. Speedy Trial Act Claim

Petitioner was arraigned on November 23, 2016; his trial began on May 17, 2017, a delay of five months and 24 days. However, during the plea colloquy, petitioner waived his right to a speedy trial. (RT 8.) In addition, petitioner's claim that his right to a speedy trial under California's Speedy Trial Act fails to state a cognizable federal habeas claim. Estelle, 502 U.S. at

---

[7] Nothing in the record suggests that petitioner's plea was not knowing, intelligent, and voluntary. At the change of plea/sentencing hearing, petitioner affirmed that he understood the terms of the plea. (RT 6.) Petitioner acknowledged that no one could force him to enter a plea against his will. (RT 9.) Petitioner confirmed that no one had threatened him in order to make him enter the plea; and no one had made any promises to him other than what was stated on the record and in open court. (RT 9-10.) Petitioner acknowledged that he understood the constitutional rights he was waiving. (RT 8-9.) Petitioner's solemn declarations in open court carry a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006). Based on petitioner's affirmations, the trial court found that petitioner knowingly, intelligently and voluntarily waived his constitutional rights, and found that there was a factual basis for the plea. (RT 11.) See also Blackledge, 431 U.S. at 74 (explaining that the findings made by the judge accepting the plea "constitute a formidable barrier in any subsequent collateral proceedings").

67-68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.")

To the extent petitioner claims that he was denied his Constitutional right to a speedy trial, such claim is also barred by Tollett. See, e.g., Nigro v. Evans, 399 F. App'x 279, 280, 2010 WL 4007576, at *1 (9th Cir. 2010) (prisoner's nolo contendere plea foreclosed pursuit of habeas relief on pre-plea speedy trial violations); Ortberg, 961 F.2d at 136-38 (prisoner could not seek habeas relief based on a claim he was denied his right to a speedy trial that took place before he entered nolo contendere plea); United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (guilty plea precluded violation of Speedy Trial Act claim). Petitioner failed to explain how any delay caused by the competency proceedings impacted the voluntary and intelligent character of his no contest plea, especially given that this delay occurred well before the entry of the plea. Therefore, petitioner's speedy trial claim has been waived and is not cognizable in this federal habeas corpus action. See Bohn, 956 F.2d at 209.

For all of these reasons, petitioner is not entitled to habeas relief on his speedy trial claim.

VII. Claim Raised in the Traverse

In the traverse, petitioner claims for the first time that he took the plea offer under duress because trial counsel told petitioner he was looking at 32 years. (ECF No. 18 at 8.) Similarly, in his unauthorized second supplemental traverse,[8] petitioner repeats this new claim and also alleges his confrontation rights were violated, but does not explain how. (ECF No. 21 at 1.)

To the extent petitioner is attempting to belatedly raise new claims in the traverse, such relief is denied. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically

---

[8] After he filed his traverse, petitioner filed two supplements to his traverse. (ECF Nos. 20, 21.) Petitioner did not seek leave of court to file such pleadings, and thus they are unauthorized filings. Despite this shortcoming, the undersigned has reviewed the filings and finds nothing that would alter this court's analysis.

and distinctly in a party's opening brief"); See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")).[9] In addition, petitioner has not exhausted state court remedies as to such new claims because they were not raised in the California Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

VIII. Conclusion

For all of the above reasons, the undersigned finds that petitioner's alleged pre-plea constitutional errors do not challenge the voluntariness of petitioner's no contest plea and therefore such claims are barred by Tollett, and the petition is denied.

IX. Additional Requests/Motions

Petitioner requests an evidentiary hearing, and seeks to augment the court record, asking the court to obtain a copy of transcripts from the December 16, 2016 hearing in the San Joaquin County Superior Court, as well as other minute orders and transcripts, including from a Marsden hearing. (ECF Nos. 23 at 1, 3; 32.) Petitioner also asks the court to disregard his prior motion to augment the record. (ECF No. 23 at 3.) Earlier, petitioner filed a request to have counsel appointed if petitioner is granted an evidentiary hearing, and sought discovery of the documents he now seeks to augment the record. (ECF No. 19.) On February 20, 2019, petitioner filed

---

[9] Moreover, even if petitioner's claim of duress to plead no contest had been properly raised, petitioner's conclusory statement, without more, fails to demonstrate a constitutional violation. Indeed, such claim is belied by petitioner "begging" the trial judge, on the court record (RT at 3), to let petitioner resolve the case at the beginning of trial. Also, in his state habeas petition, petitioner acknowledged that at trial he did not want to "take the time," but knew he was "faced with more." (LD 5 at 4.) Indeed, petitioner faced multiple felony counts with a prior serious or violent felony conviction resulting in a prior prison term, yet defense counsel negotiated a plea to only one felony count with a determinate prison sentence of seven years. Had a jury convicted petitioner on all counts, he would have been sentenced to a prison term exceeding seven years. Finally, such claim would fail because the record reflects that petitioner's plea was knowing and voluntary, as discussed above. In light of this record, petitioner's conclusory statement fails to show a reasonable probability that but for counsel's alleged error, petitioner would not have pled guilty and would have insisted on going to trial, or that he would have received a shorter sentence. Strickland, 466 U.S. at 688.

13

another motion for production of transcripts, including a request for the prosecutor's files. (ECF No. 35.)

An evidentiary hearing is not warranted where, as here, "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." Schriro, 550 U.S. at 474; see also Cullen v. Pinholster, 563 U.S. 170, 183 (2011) (citing Schriro with approval); Estrada v. Scribner, 512 F.3d 1227, 1235 (9th Cir. 2008); Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). Therefore, petitioner's request for an evidentiary hearing is denied.

Moreover, because petitioner's claims are foreclosed by Tollett, no augmentation of the record or other discovery is appropriate or necessary. Thus, petitioner's pending requests are denied. Petitioner shall refrain from filing additional discovery motions.

X. Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). In this case, petitioner's claims are barred by Tollett; thus, petitioner is unable to demonstrate the denial of a constitutional right because his no contest plea waived his right to challenge alleged pre-plea constitutional errors. The undersigned declines to issue a certificate of appealability.

XI. Orders

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to substitute Robert Neuschmid as the named respondent, and to remove the district judge from the case docket;

2. Petitioner's motion to appoint counsel and for discovery (ECF No. 22) is denied;

3. Petitioner's motion to augment (ECF No. 22) is disregarded;

4. Petitioner's motions (ECF Nos. 19, 23, 32 & 35) are denied;

5. Petitioner's application for a writ of habeas corpus is denied;

6. The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: February 22, 2019.

/tayl0065.157

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1